JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
(510) 839-5200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON McMATH, individually; DEDRICK SHAVERS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; RICHARD WORD, in his capacity as Chief of Police for the CITY OF OAKLAND; G. LOUD, individually, and in his capacity as a police officer for the CITY OF OAKLAND; S. BOWLING, individually, and in his capacity as a police officer for the CITY OF OAKLAND; F. BONIFACIO, individually, and in his capacity as a police officer for the CITY OF OAKLAND; L. MILIKIN, individually and in his capacity as a police officer for the CITY OF OAKLAND; C. HARDISON, individually and in his capacity as a police officer for the CITY OF OAKLAND; and, Oakland police officers DOES 1-25, inclusive,<br><br>Defendants.<br>_____/ | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS. JURY TRIAL DEMANDED** |

JURISDICTION

1.      This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

unlawful acts and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within this judicial district.

PARTIES

2. Plaintiff herein, MILTON McMATH, is and was at all times herein mentioned readily recognizable as an African-America and is and was a citizen of the United States residing in Alameda County in California.

3. Plaintiff herein, DEDRICK SHAVERS, is and was at all times herein mentioned readily recognizable as an African-America and is and was a citizen of the United States residing in Alameda County in California.

4. Defendant City of Oakland ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The City operates under its authority the Oakland Police Department.

5. At all times mentioned herein, Defendant RICHARD WORD ("WORD") was the Chief of Police for the CITY OF OAKLAND. He is being sued in his official capacity as Chief of Police for the CITY OF OAKLAND.

6. At all times mentioned herein, Defendant G. LOUD ("LOUD") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

7. At all times mentioned herein, Defendant S. BOWLING ("BOWLING") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

8. At all times mentioned herein, Defendant F. BONIFACIO ("BONIFACIO") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

9. At all times mentioned herein, Defendant L. MILIKIN ("MILIKIN") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the CITY.

10. At all times mentioned herein, Defendant C. HARDISON ("HARDISON") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the CITY.

11. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

12. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

13. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

STATEMENT OF FACTS

14. On May 1, 2004, Plaintiff DEDRICK SHAVERS stood on a sidewalk in front of 9616 D Street talking to several friends when an Oakland Police Department patrol vehicle suddenly stopped behind him. Two Oakland Police officers, Defendant Officer LOUD and BOWLING exited the car. Defendant Officer LOUD held his arms outstretched as he quickly approached Plaintiff SHAVERS. Plaintiff SHAVERS asked the officer what he was doing and turned away from the officer. Defendant Officer LOUD then struck Plaintiff SHAVERS in the back of his head. Plaintiff SHAVERS, in shock and fear at the unprovoked attacked, immediately fled from the officers. Plaintiff SHAVERS possessed no contraband. He only possessed sufficient cash to pay his rent which was due.

15. Defendant Officers LOUD and BOWLING, ironically while working as a "violence suppression unit", were dispatched to 9644 D Street, on a citizen police report of six black males

1  suspected to be selling drugs in the driveway and yard at that address.  When the officers arrived,
2  they reported that a person later identified as Plaintiff DEDRICK SHAVERS fled the scene.
3  According to Defendant Officer LOUD's police report (Oakland Police Department Report Number
4  04-39694 in which Defendant Officer LOUD omitted the initial strike to the back of Plaintiff
5  SHAVERS' head), he  pursued Plaintiff SHAVERS on foot and yelled out: "Stop police".  Again
6  according to Officer LOUD's police report, Mr. Shavers quickly turned around and suddenly attacked
7  the fully armed and uniformed officer  by "trying to hit me with both of his closed fist, he hit me
8  twice with closed fist on my arms.  I (Defendant Officer LOUD)  hit SHAVERS about six or eight
9  times in his face with a hammer fist, closed fist trying to keep him from striking me or grabbing me
10  which he was trying to do."  According to Officer LOUD, they both fell to the ground, wrestling, and
11  thereafter he was able to take Mr. Shaver's into custody without further incident.

12         16.    In fact, Plaintiff SHAVERS never attacked Defendant Officer LOUD and possessed
13  no contraband. Plaintiff SHAVERS ran from the officer only after the Defendant Officer LOUD
14  struck him in the back of his head. Plaintiff SHAVERS stopped his flight voluntarily after gaining
15  some distance from Defendant Officer LOUD and asked the officer again what he was doing.
16  Defendant Officer LOUD struck Plaintiff SHAVERS in the face and Plaintiff SHAVERS then ran
17  across the street where he stopped his flight again and honestly told the officer that he did not have
18  anything (contraband) on him.  Defendant Officer LOUD ran to Plaintiff SHAVERS again and struck
19  him numerous times in the face. Defendant Officer BOWLING struck Plaintiff SHAVERS in the
20  back of the head even though Plaintiff SHAVERS had taken no offensive action against either
21  officer.  Plaintiff SHAVERS fell to his knees as the beating continued.  In fact, according to
22  Defendant Officer BOWLING's supplemental police report and trial testimony, Defendant Officer
23  BOWLING struck Plaintiff SHAVERS so hard that he broke his own hand on the back of Plaintiff
24  SHAVERS' head.

25         17.    Plaintiff MILTON McMATH, who was nearby talking to Alondra Goodwin, a friend
26  of his, saw Defendant Officers LOUD and BOWLING beating Plaintiff SHAVERS. Plaintiff
27  McMATH, who was not engaged in any illegal activity whatsoever, walked toward the officers and
28  told the officers that their actions against Plaintiff SHAVERS were unnecessary. He questioned why

the officers were beating a person who was not fighting back. At least one of the officers told Plaintiff McMATH that it was "police business" and that he should mind his own business. When Plaintiff McMATH questioned the officers' actions, they stopped beating Plaintiff SHAVERS. Realizing that he had placed himself in harms way, Plaintiff McMATH, who was several feet from the incident, obeyed the officers' order by turning and walking away from Defendant Officers LOUD and BOWLING.

18.   As Plaintiff McMATH walked away from the officers, he heard Defendant Officer BOWLING tell Defendant Officer LOUD to "get him." Plaintiff McMATH assumed the officer was talking about him and turned around to ask the officers what he had done. When he turned, Defendant Officer BOWLING's fist, which clutched a police flashlight, struck Plaintiff McMATH in the face. Defendant Officer BOWLING then attempted to choke Plaintiff McMATH. Defendant Officer BOWLING then forced Plaintiff McMATH into the hood of a red car parked next to the curb. Plaintiff McMATH had been struck in the face and was dazed, but he did not physically resist the officers.

19.   Several Oakland Police vehicles and numerous Oakland Police officers arrived on the scene. Plaintiff McMATH told the defendant officers several times that he had not done anything. Defendant Officer BOWLING struck Plaintiff McMATH numerous times around the arms, ribs and back. Other defendant officers, including BONIFACIO and HARDISON arrived. One of defendant officers left a dent in the hood of the red car when he missed an attempted blow to Plaintiff McMATH, striking the hood instead. Numerous people gathered, witnessing the beating of Plaintiff McMATH. Some of them took photographs of the incident.

20.   Defendant Officer BONIFACIO attempted to place Plaintiff McMATH in a carotid restraint. BONIFACIO states in his police report that he was able to bring Plaintiff McMATH to the ground by applying the carotid restraint, but he then released the hold. Defendant Officer HARDISON then struck Plaintiff McMATH numerous times with his nightstick. Defendant HARDISON's blows with the nightstick were so uncontrollable that he struck Defendant Officer BONIFACIO in the calf with his nightstick, ultimately sending Defendant Officer BONIFACIO to

the hospital. Defendant Officer HARDISON then sprayed several shots of O.C. (pepper) spray directly to Plaintiff McMATH's eyes.

21. Defendant Officers stood back from Plaintiff McMATH after Defendant Officer HARDISON discharged his O.C. spray. Plaintiff McMATH stood and tried to wipe the spray from his eyes. Defendant Officer MILLIKEN arrived at the scene during the struggle.

22. After Plaintiff McMATH stood up and tried to clear his eyes, Defendant Officer MILLIKEN viciously wound up and delivered a crushing "hammer strike" with his fist to Plaintiff McMATH's mouth. The blow dislodged Plaintiff McMATH's right front tooth and sent it flying in the air.

23. Plaintiff McMATH, who was not under the influence of any substance, was then handcuffed and arrested on false charges of allegedly battering an officer and resisting, obstructing or delaying an officer in the course of his duties (Penal Code sections 243 and 148). Plaintiff SHAVERS was arrested for allegedly loitering for purposes of drug activity, even though no contraband was ever recovered from anyone as a result of this incident. Plaintiff SHAVERS was also arrested on false charges of: 1) Battery on an Officer with Injury, 2) Battery on an Officer, 3) Assault on an Officer, 4) Resisting, Obstructing, or Delaying an Officer in the course of his duties. Plaintiff SHAVERS was also arrested on two outstanding warrants. Plaintiffs were then transported to Alameda County Hospital where they were treated for their severe injuries sustained during this incident. Thereafter, Plaintiffs were transported to Oakland City Jail.

24. Charges against Plaintiff SHAVERS were subsequently dismissed by the Alameda County District Attorney in favor of a parole violation.

25. Plaintiff McMATH, who was not on probation or parole at the time of the incident, spent one day in jail before he was released after paying a bail bondsman $6500 on a bail of $65,000. Even though charges against Plaintiff SHAVERS were dismissed, Plaintiff McMATH ultimately stood trial before a jury. He testified on his own behalf against the false allegations. Defendant Officers BOWLING, LOUD, BONIFACIO and HARDISON testified against Plaintiff McMATH. Plaintiff McMATH was acquitted of the Penal Code section 243, Battery on an Officer, on February 7, 2005. The Penal Code section 148 violation was subsequently dismissed on February 9, 2005.

26. The assault and battery on Plaintiffs described herein was brutal, malicious, and done without any just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

## DAMAGES

27. As a proximate result of Defendants' conduct, Plaintiffs suffered pain and physical injuries, including soft tissue injuries. Plaintiff MILTON McMATH suffered the loss of his right front tooth.  Plaintiff McMATH suffered one day of incarceration in Oakland City Jail, made numerous court appearance, paid a bail-bondsman $6500, and incurred attorney fees associated with defending against the false criminal charges. As a further proximate result of Defendants' conduct, Plaintiffs suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of their sense of security, dignity, and pride as a United States citizen.

29. Plaintiffs were assaulted and battered without any just provocation or probable cause, by defendant officers LOUD, BOWLING, HARDISON, BONIFACIO,  MILLIKEN , and DOES 1-10.  Plaintiff McMATH was also detained, arrested, and incarcerated without any just or probable cause.  Plaintiffs' physical injuries included, but were not limited to the following: Plaintiffs were physically, mentally, and emotionally injured and damaged as a proximate result of this incident. Plaintiffs suffered  severe soft tissue injuries and  bruising and contusions. Plaintiff McMATH lost his right front tooth as a result of the excessive blow to his face by Defendant Officer MILLIKEN.

30. The conduct of Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10, was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against said defendant police officers of the CITY.

31. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

## FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO,  MILLIKEN , and DOES 1-10)

32.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33.     In doing the acts complained of herein, Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10 inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

  a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

  b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

  c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

  d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

  e. The right to be free from interference with their zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, RICHARD WORD, and DOES 11-25)

34.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 33 of this Complaint.

35.     Plaintiffs are informed and believe and thereon allege that high ranking City of

Oakland officials, including high ranking police supervisors, such as Defendant RICHARD WORD, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by defendant officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10, and/or each of them.

36.     Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants WORD, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by these officers.

37.     Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants officers LOUD, BOWLING, HARDISON, BONIFACIO,  MILLIKEN , and DOES 1-10, and/or each of them, Defendant WORD, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein.

38.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Oakland officials, including high ranking City of Oakland Police Department supervisors, Defendants WORD, DOES 11-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;
   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e. The right to be free from interference with their zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

39. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY OF OAKLAND)

40. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 39 of this Complaint.

41. As against Defendant CITY, Defendant WORD and/or DOES 11-25 in his/their capacity as official policy-maker(s) for the CITY OF OAKLAND, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

42. Plaintiffs are further informed and believe and thereon allege that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, WORD, DOES 11-25, and each of them, to repeated acts of police misconduct

which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant WORD, DOES 11-25, and each of them.

43. The injuries and damages to Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them.

44. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant OAKLAND Police Department.

45. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10, and/or each of them.

46. The aforementioned customs, policies or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

    e.   The right to be free from interference with their zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

47.    Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Assault and Battery)
(Against Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10)

48.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 47 of this Complaint.

49.    Defendants Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10, inclusive, placed Plaintiffs in immediate fear of death and severe bodily harm by attacking and battering them without any just provocation or cause.

50.    These defendants' conduct was neither privileged nor justified under statute or common law.

51.    As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(False Arrest and Imprisonment)
(Plaintiff McMATH Against Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10)

52.    Plaintiff McMATH realleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint.

53.     Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN, and DOES 1-10, inclusive, falsely arrested and imprisoned Plaintiff without probable cause. Plaintiff had not committed any of the crimes with which he was charged, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any of the crimes with which he was charged.

54.     Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN, and DOES 1-10, inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiff McMATH without probable cause. These defendants exceeded the limits of their authority as police officers in falsely arresting and imprisoning the plaintiff without probable cause, and in using excessive and unnecessary force against plaintiff.

55.     As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN, and DOES 1-10)

56.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 55 of this Complaint.

57.     The conduct of Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN, and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

58.     As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress.  Therefore, Plaintiffs are entitled to an award of punitive damages as against said defendants.  Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendant officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN, and DOES 1-10t)

59.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 58 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

60.     The wrongful conduct of Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO,  MILLIKEN, and DOES 1-10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for Plaintiffs' rights.

61.     As a proximate result of Defendants' negligent conduct, Plaintiffs have suffered severe emotional and mental distress, having a traumatic effect on Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO,  MILLIKEN , and DOES 1-10)

62.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 61 of this complaint.

63.     Plaintiffs are informed and believe and thereon allege that the conduct of Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO,  MILLIKEN , and DOES 1-10, inclusive,

as described herein, was motivated by racial prejudice against Plaintiffs.  Plaintiffs are and were readily recognizable as African-American.  In engaging in such conduct, Defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of their race.

64.	Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

65.	As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Against Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN, and DOES 1-10)

66.	Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 65 of this Complaint.

67.	The conduct of Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN, and DOES 1-10, inclusive, as described herein, while acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1 in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights.  Said interference occurred through the use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said Plaintiffs.

68.	As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth herein.

69. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiffs pursuant to respondeat superior.

70. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

TENTH CAUSE OF ACTION
(Negligence)
(Against Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10)

71. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 70 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

72. At all times herein mentioned, Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiffs to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiffs  for  injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

73.  As a proximate result of Defendants' negligent conduct, Plaintiffs suffered severe physical injury, severe emotional and mental distress,  injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

ELEVENTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendants CITY, WORD, and DOES 11-25)

74. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 73 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

75. At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, RICHARD WORD, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, RICHARD WORD, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injury to said plaintiff. CITY, RICHARD WORD, and DOES 11-25, inclusive, breached their duty of care to citizens in that CITY, RICHARD WORD, and DOES 11-25, inclusive, failed to adequately train its police officers, including Defendant Officers LOUD, BOWLING, HARDISON, BONIFACIO, MILLIKEN , and DOES 1-10, inclusive, in the proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by CITY, the continuing failure to make proper and

reasonable arrests by police officers employed by CITY, and continuing racially discriminatory behavior towards citizens by police officers employed by the CITY.

76. As a proximate result of defendants CITY, RICHARD WORD, and DOES 11-25, inclusive's negligent conduct, plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

77. Plaintiffs hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum of $2,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief pursuant to California Civil Code Section 52.1, enjoining Defendant CITY OF OAKLAND from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY using excessive and unreasonable force against persons;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;
7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
8. For cost of suit herein incurred; and
9. For such other and further relief as the Court deems just and proper.

///

///

Dated: July 25, 2005         **The Law Offices of John L. Burris**

_____
John L. Burris, Esq.
Attorney for Plaintiff